**LANDMAN CORSI BALLAINE & FORD**
One Gateway Center, Suite 400
Newark, New Jersey 07102-5311
(973) 623-2700
Attorneys for Defendant
National Railroad Passenger Corporation and CSX Corp.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GLARE MATHESON, BEVERLY MATHESON AND NAVONA MATHESON,** : | Civil Action No.: 02-2994 |
| Plaintiffs, : | |
| v. : | |
| **NATIONAL RAILROAD PASSENGER CORPORATION, TIM-BAR CORPORATION AND CSX CORPORATION,** : | **ANSWER** |
| Defendants : | |

Defendants National Railroad Passenger Corporation ("Amtrak") and CSX Corporation ("CSX"), by way of Answer to plaintiffs' Complaint, say:

1. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 2.

3.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except admit that defendant Amtrak is a corporation which operates a passenger rail service in interstate commerce.

5.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.  Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

## FACTS

9. Defendants Amtrak and CSX repeat and reallege their Answers to the allegations contained in paragraphs 1 through 8 as though set forth at length herein.

10. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except admit that an incident occurred due to the negligence and recklessness of Tim-Bar Corporation, its servants, agents and/or employees.

12. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except admit that the cause of the incident in question was the negligence and recklessness of Tim-Bar its employees, servants, and/or agents.

13. Defendants Amtrak and CSX lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendants Amtrak and CSX deny the allegations contained in Paragraph 14 to the extent made against Amtrak and CSX.

15(a)-(n). Defendants Amtrak and CSX deny the allegations contained in Paragraph 15(a)-(n) to the extent made against Amtrak

and CSX.

16. Defendants Amtrak and CSX deny the allegations contained in Paragraph 16 to the extent made against Amtrak and CSX.

## COUNT I

17. Defendants Amtrak and CSX repeat and reallege their Answers to the allegations contained in paragraphs 1 through 16 as though set forth at length herein.

18. Defendants Amtrak and CSX deny the allegations contained in Paragraph 18 to the extent made against Amtrak and CSX.

19. Defendants Amtrak and CSX deny the allegations contained in Paragraph 19 to the extent made against Amtrak and CSX.

20. Defendants Amtrak and CSX deny the allegations contained in Paragraph 20 to the extent made against Amtrak and CSX.

## COUNT II

21. Defendants Amtrak and CSX repeat and reallege their Answers to the allegations contained in the 1 through 20 as though set forth at length herein.

22. Defendants Amtrak and CSX deny the allegations contained in Paragraph 22 to the extent made against Amtrak and CSX.

23. Defendants Amtrak and CSX deny the allegations contained in Paragraph 23 to the extent made against Amtrak and CSX.

24. Defendants Amtrak and CSX deny the allegations contained in Paragraph 24 to the extent made against Amtrak and CSX.

## COUNT III

25. Defendants Amtrak and CSX repeat and reallege their Answers to the allegations contained in the 1 through 24 as though set forth at length herein.

26. Defendants Amtrak and CSX deny the allegations contained in Paragraph 26 to the extent made against Amtrak and CSX.

27. Defendants Amtrak and CSX deny the allegations contained in Paragraph 27 to the extent made against Amtrak and CSX.

28. Defendants Amtrak and CSX deny the allegations contained in Paragraph 28 to the extent made against Amtrak and CSX.

**WHEREFORE,** defendants Amtrak and CSX demand judgment against plaintiffs, dismissing the complaint and awarding them costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Any damages, losses, or injuries sustained by the plaintiffs were caused by the acts and/or omissions of persons or entities other than this defendant and over whom this defendant exercised no control.

**THIRD AFFIRMATIVE DEFENSE**

Any claims which plaintiffs may have against the answering defendants are barred, or alternatively, must be reduced by virtue of the doctrine of comparative negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred in whole or in part by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Any injuries suffered by plaintiffs were caused by their own negligence and not by any negligence of the defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. §1404, this matter should be transferred to the Southern District of Florida for the convenience of the parties and witnesses and in the interest of justice.

**EIGHTH AFFIRMATIVE DEFENSE**

Any and all claims against Amtrak should be dismissed as an action against defendant Amtrak arising out of the same occurrence already exists in a court of competent jurisdiction.

**CROSS-CLAIMS**

**AS TO CROSS-CLAIMS**

Defendants Amtrak and CSX hereby deny all of the allegations contained in any and all cross-claims asserted against them.

**CROSS-CLAIMS**

Defendants Amtrak and CSX by way of cross-claim against co-defendant Tim-Bar Corporation say:

**FIRST COUNT**

1. Defendants Amtrak and CSX invoke the provisions of F.R.C.P. 13, and all of their applicable provisions as they may, by law or fact, appear against co-defendant Tim-Bar Corporation.

**SECOND COUNT**

1. Defendants Amtrak and CSX have been named as defendants in a complaint alleging, <u>inter</u> <u>alia</u>, that they are liable with respect to an accident occurring on or about May 19, 2000.

2. While denying any and all liability with respect to plaintiffs' claim, if in fact any liability is established, defendants Amtrak and CSX are not at fault, are not morally

culpable, and any liability on their part, which is denied, could only be technical, vicarious or secondary to the liability of co-defendant Tim-Bar Corporation.

**WHEREFORE**, defendants Amtrak and CSX demand judgment against co-defendant Tim-Bar Corporation for contribution and indemnity, together with attorneys' fees, interest and costs of suit, and such other relief as the Court deems just and proper.

### JURY DEMAND

Defendant Amtrak hereby demands a trial by jury of all issues of so triable.

```
                            LANDMAN CORSI BALLAINE & FORD
                            One Gateway Center, Suite 400
                            Newark, NJ 07102-5311
                            (973) 623-2700
                            Attorneys for Defendant
                            National Railroad Passenger
                            Corporation


                            By: _____
                                John A. Bonventre
                                I.D. No. 77367
```

Dated:   October 10, 2002